UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH SCALONE,

        **Plaintiff,**

vs.                                    **Case No. 8:06-cv-492-T-27TGW**

THE HOME DEPOT U.S.A., INC.,

        **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are: (1) Defendant's Motion for Award of Attorney Fees (Dkt. 47), to which Plaintiff has responded in opposition (Dkt. 54); (2) and Plaintiff's Motion to Compel the Deposition of John D'Onofrio (Dkt. 49), to which Defendant has responded in opposition (Dkt. 51). Defendant seeks an estimated award of $115,000.00 in attorney fees, contending that Plaintiff's claims were "frivolous, unreasonable, and without foundation" and in bad faith. (Dkt. 47). Upon consideration, Defendant's Motion for Award of Attorney Fees is DENIED. Plaintiff's Motion to Compel the Deposition of John D'Onofrio is DENIED.

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 *et seq.* for alleged disparate treatment based on her gender and national origin, hostile work environment, and retaliatory termination. Defendant's Motion for Summary Judgment was granted on each of Plaintiff's claims.

1

(Dkt. 43).[1]

It is well-established that a district court, in its discretion, may award attorneys' fees to a prevailing defendant in a Title VII or § 1983 action upon a finding that the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978); 42 U.S.C. §2000e-5(k). Factors to be considered in making this determination include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir.1985). These factors are guidelines, rather than hard and fast rules, and any determination of frivolity must be made on a case by case basis. *Id.* In order to justify an award of attorneys' fees, Plaintiff's claims must have been "so lacking in arguable merit as to be groundless or without foundation." *Id.*

Here, although Plaintiff was unable to establish a *prima facie* case as to each of her claims and therefore ultimately did not prevail, that is not the determinative factor as to Defendant's entitlement to fees. *Id.* Likewise, merely because Defendant obtained summary judgment is not determinative of whether it is entitled to recover fees. *O'Neal v. DeKalb County*, 850 F.2d 653, 658

---

[1] In the order granting summary judgment, this Court concluded that Plaintiff failed to demonstrate a hostile work environment because Fines' isolated comments were neither severe nor pervasive, that Plaintiff's gender and national origin discrimination claims, premised on Fines' alleged favorable treatment of Avellaneda, failed because Plaintiff did not suffer any material change in the terms and conditions of her employment as a result of the preferential treatment, and that Plaintiff's retaliation claim failed because her termination occurred five months after her complaint about Fines and was implemented by a decisionmaker who has not been shown to have been motivated by a retaliatory animus. This Court also found that Defendant presented a non-discriminatory reason for Plaintiff's termination, that Plaintiff had violated Defendant's established hiring procedures by falsifying computerized employment records, a terminable offense. The relevant facts are set forth in this Court's order granting summary judgment. (Dkt. 43).

(11th Cir.1988).  Although the case was disposed of short of trial, the detailed analysis provided in the twenty-six page order granting summary judgment demonstrates that Plaintiff's claims were not so lacking in arguable merit as to be groundless or without foundation.  "[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review." *Walker v. Nationsbank of Fla., N.A.*, 53 F.3d 1548, 1559 (11th Cir.1995).  This Title VII case was disposed of in the same manner in which many other Title VII cases are, after a comprehensive evaluation of Plaintiff's allegations and evidence proffered in support of her claims.  This Court cannot conclude that Plaintiff's claims were "frivolous, unreasonable, and without foundation."

The inquiry does not end here, however, as Defendant also argues that Plaintiff brought her action in bad faith, which is a basis for an award of attorneys' fees pursuant to the Court's inherent power. *Christiansburg Garment Co.,* 434 U.S. at 419, 422.  In support of Defendant's contention that Plaintiff brought this action in bad faith, Defendant has proffered the declaration of John D'Onofrio (Dkt. 48).  D'Onorfio avers that Plaintiff approached him soliciting his investment in a business venture, that Plaintiff discussed her plan to file an action against Defendant, and that Plaintiff stated that she would have "plenty of money" after she settled the lawsuit. (Dkt. 48, ¶¶ 4-5).  D'Onofrio also avers that Plaintiff made a comment to the effect of: "wouldn't it be great if you were to say that Carlos [Fines] wanted to invest in houses with you?" (Dkt. 48, ¶ 6).  D'Onofrio avers that he viewed this as an attempt to have him provide false testimony concerning Carlos Fines, by suggesting an inappropriate relationship between a manager and an employee, and that this would place Fine in a "bad light, for purposes of benefiting (*sic*) her lawsuit."  (Dkt. 48, ¶ 6).

Defendant's contention that D'Onofrio's declaration evidences bad faith on Plaintiff's part

3

in bringing this action is not persuasive. Even if Plaintiff's reason for bringing this action was to recover money which she intended to invest in a business venture, those financial motivations are no different than those which motivate any number of plaintiffs to bring lawsuits to recover monetary damages. This action was unquestionably about monetary damages. That Plaintiff may have had plans for investing any damages she recovered is irrelevant to the determination of bad faith. Likewise, D'Onofrio's interpretation of Plaintiff's motives behind the statement "wouldn't it be great if you were to say that Carlos [Fines] wanted to invest in houses with you?" is irrelevant to a determination of bad faith.

A finding of bad faith is appropriate if the court determines "that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Accordingly, subornation of perjury may evince bad faith by a litigant. *See Qantum Commc'ns. Corp. v. Star Broad., Inc.*, 473 F. Supp. 2d 1249, 1269 (S.D. Fla. 2007) (noting that bad faith is often found where a party commits perjury). Nevertheless, extrinsic evidence of Fines' purported violation of company policy would not have been admissible impeachment evidence. *See* Fed. R. Evid. 608(b) (no extrinsic evidence of specific instances of misconduct). At most, therefore, even assuming Plaintiff made the statement to D'Onofrio,[2] it was a misguided attempt by a party to bolster her case. This does not support a finding of actual fraud on the Court, nor would the statement, if made by D'Onofrio, have impacted the merits of Plaintiff's claims. *See Qantum Commc'ns. Corp.*, 473 F. Supp. 2d at 1269 (noting that sanctionable false testimony often deals with

---

[2] "Unless the evidence on the issue of bad faith is uncontroverted, a district court should examine a party's conduct and make findings on that issue." *Byrne v. Nezhat*, 261 F.3d 1075, 1123 (11th Cir. 2001). Although Plaintiff disputes D'Onofrio's allegations (Dkt. 55, ¶ 5), the Court finds there is no sanctionable bad faith, even taking the facts as uncontroverted.

4

a "linchpin" issue).[3]

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1) Defendant's Motion for Award of Attorney Fees (Dkt. 47) is **DENIED**.

2) Plaintiff's Motion to Compel the Deposition of John D'Onofrio is **DENIED** as moot.

**DONE AND ORDERED** in chambers this ___9th___ day of November, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[3] Evidence of a business relationship between Fines and D'Onofrio could have been used to show bias on the part of D'Onofrio, to the extent Defendant called D'Onofrio to testify. Fed. R. Evid. 607; *Aetna Ins. Co. v. Paddock*, 301 F.2d 807, 812 (5th Cir.1962). The Court finds that any purported effort by Plaintiff to taint D'Onofrio with bias is too far attenuated to constitute fraud or bad faith.